**Wayne A. DREIBELBIS, Jr., Appellant**

v.

**Leslie F. YOUNG, Terry Watson and Centre County Children and Youth Services.**

**No. 08–3250.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Oct. 27, 2009.

Opinion Filed: Oct. 29, 2009.

---

J. Michael Considine, Jr., Esq., West Chester, PA, for Appellant.

Gerard J. Geiger, Esq., Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, PA, for Leslie F.

Before: SLOVITER, FUENTES, and HARDIMAN Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Wayne Dreibelbis, Jr., appeals from the District Court's denial of his motion for reconsideration of its decision granting the Defendants' motion for summary judgment on Dreibelbis' claims for monetary damages for alleged violations of his First and Fourteenth Amendment rights. For the following reasons, we will affirm the District Court.[1]

### I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Dreibelbis' estranged wife has custody of their child and he has been granted visitation that—at the order of the state judge overseeing the divorce and custody dispute—must be arranged and supervised by Centre County Children and Youth Services ("CYS"). Defendants Young and Watson are both employees of CYS. Dreibelbis contends that CYS denied him court-ordered visits with his daughter over a two-year period, in violation of his First and Fourteenth Amendment rights. In response, the Defendants assert that they made efforts to arrange visits, but Dreibelbis demanded that he be allowed to videotape the visits and refused to proceed when he was not permitted to do so.

In a videotape filmed during the first scheduled visitation at the CYS office, Dreibelbis stated that he would not go

---

1. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursu- ant to 28 U.S.C. § 1291.

forward with the visitation unless he could videotape it. After making efforts to reschedule, CYS received a letter from Dreibelbis dated November 30, 2005, in which he argued that CYS should change its hours of operation to allow visitation on weekends and stated that his attorney would be contacting the court to make arrangements for changes to the visitation order. According to CYS, it was subsequently under the impression that Dreibelbis would be litigating the videotape and expert issue before the state court judge. On December 5, 2005, Young informed the state judge that CYS would wait to hear from the court.

Dreibelbis filed this action in federal court on October 19, 2006, seeking an injunction ordering CYS to arrange visitation as well as monetary damages. The request for an injunction was denied on the basis of *Younger* abstention and this decision is not appealed. Four months after filing his action in federal court, Dreibelbis filed a petition in state court to modify the custody order. The request for modification was denied on July 6, 2007. The state court judge found Dreibelbis was responsible for the lack of visitation due to his insistence on videotaping, which the judge declared would be "unhealthy," and that CYS was willing to conduct visits, just not with the conditions desired by Dreibelbis.

The District Court, in deciding the motion for summary judgment, concluded that—given the state court's ruling—the *Rooker–Feldman* doctrine barred Plaintiff's claims. Although the state court judge's July 6, 2007 decision was entered after Dreibelbis filed his federal court action, the District Court found that to suc-

ceed in his federal action Dreibelbis would need to challenge the validity of the state court's decision—that CYS and its employees had properly followed the state court judge's October 25, 2005 visitation order. Even assuming that it did possess jurisdiction, the District Court's December 10, 2007 decision held that Defendants were entitled to summary judgment on multiple grounds.[2] The District Court found that Dreibelbis' own letters to CYS and the videotape of his initial visit to CYS' office confirmed that he refused to participate in visits that were not videotaped or monitored by an expert who could diagnose Parental Alienation Syndrome, which he believed his daughter might be experiencing.

## II.

This appeal raises a number of issues, including: (1) did the District Court properly determine that *Rooker–Feldman* barred Dreibelbis' claims; (2) did the court properly dismiss all *Monell* claims against CYS; (3) did Dreibelbis provide evidence showing a deprivation of his constitutional rights; (4) did the District Court properly determine that Young and Watson enjoy absolute immunity as agents of the state court; and (5) did Defendants enjoy qualified immunity to the extent they acted in accord with the state judge's directions? We need not address all these issues in order to affirm.

█ The District Court concluded that, in light of the *Rooker–Feldman* doctrine, it lacked jurisdiction to hear Plaintiff's claims. *Rooker–Feldman* precludes lower federal courts from hearing claims that were actually litigated in state court or are

---

2. We exercise plenary review over a district court's summary judgment ruling. *Twp. of Piscataway v. Duke Energy*, 488 F.3d 203, 208 (3d Cir.2007). Although Dreibelbis appeals from the June 30, 2008 order denying his motion for reconsideration, we apply the standard of review proper to the underlying judgment. *See McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552–53 (3d Cir.1992).

"inextricably intertwined" with adjudication in a state court. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir.2006). In a recent discussion of the doctrine, which derives from two Supreme Court cases, the Court declared that "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Since Plaintiff filed his federal case before the state court judgment was entered, the *Rooker–Feldman* doctrine does not bar jurisdiction.

Nonetheless, as *Exxon Mobil* also noted, preclusion law still governs disposition of the federal action. *Id.* at 293, 125 S.Ct. 1517 ("The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986))). The state court determined that CYS' actions properly conformed with the court's order and that Dreibelbis was responsible for the lack of visitation due to his insistence on videotaping. These determinations have preclusive effect.

We therefore agree with the District Court's decision that Dreibelbis cannot satisfy the first element of a claim under 42 U.S.C. § 1983, a violation of a right protected by the Constitution or laws of the United States. *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000). Moreover, our independent review of the record leaves no doubt that the state court correctly determined that Dreibelbis was responsible for the lack of visits with his daughter and that he therefore cannot show that his First and Fourteenth Amendment rights were violated.

Having found that Dreibelbis is unable to establish a violation of his federal rights, we need not reach the other issues raised in his appeal. For the foregoing reasons, we will affirm the District Court.